E-FILED
Tuesday, 22 September, 2026 11:48:20 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **AIMEE LYNN ROSENBAUM,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-1257** |
| | ) | |
| **K. BENNETT, *et al.*,** | ) | |
| **Defendants.** | ) | |

# MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to her serious medical needs in violation of the Eighth Amendment while she was in the custody of the Federal Bureau of Prisons and housed at the Federal Correctional Institute in Pekin, Illinois. (Doc. 1).

The Court has jurisdiction over Plaintiff's Eighth Amendment claims pursuant to the Court's federal question jurisdiction. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that victim of Fourth Amendment violation by federal officers may bring suit for money damages against the officers in federal court); *Carlson v. Green*, 446 U.S. 14, 18 (1980) (extending *Bivens* to claims for violations of the Eighth Amendment).

The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to

"state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff files suit against former Warden K. Bennett, Warden E. Walters, Case Manager C. Newman, Dr. Scott Moats, Nurse Danielle Smith, and Nurse Carri Schmidt. Plaintiff alleges she "suffered from serious and emergent medical symptoms requiring immediate medical evaluation and treatment, including a significant head injury." (Doc. 1 at p. 8). Plaintiff does not state when the head injury occurred. Plaintiff alleges she experienced many symptoms, including head trauma, neurological symptoms, severe distress, dizziness, disorientation, and related medical complications. Plaintiff alleges she repeatedly informed correctional and medical staff about her symptoms and requested medical attention, to no avail. Plaintiff alleges Defendants failed to recognize the signs and symptoms of a potentially life-threatening head injury and did not provide prompt and appropriate medical care.

**ANALYSIS**

Deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the inadequate medical care is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th

Cir. 2014) (healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist). The failure to refer constitutes deliberate indifference only if it was "blatantly inappropriate." *Id*. at 409. Denying or delaying a referral in favor of "easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect an exercise of sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016).

Although Plaintiff's Complaint raises a plausible Eighth Amendment claim regarding the alleged lack of medical treatment for her head injury, this appears to be the same claim Plaintiff already raised in *Rosenbaum v. Smith, et al.*, Case No. 24-1342, which was dismissed based on Plaintiff's failure to exhaust her administrative remedies. (Case No. 24-1342, Doc. 29). In *Rosenbaum v. Smith, et al.*, Plaintiff was permitted to proceed on an Eighth Amendment claim against Defendants Warden Walters, Dr. Scott Moats, Danielle Smith, and Carri Schmidt based on their alleged deliberate indifference to a serious head injury she sustained on December 1, 2022. (Case No. 24-1342, Doc. 8). Plaintiff cannot reassert the same claim she already raised in *Rosenbaum v. Smith, et al.* by filing a new Complaint. *See Fort-Greer v. Daley*, No. 05-C-827, 2006 WL 1966967, at *1 (E.D. Wis. July 12, 2006), *aff'd,* 228 F. App'x 602 (7th Cir. 2007) (plaintiff's proper course of action would have been to appeal the judgment of dismissal, not to file a new action based on the same facts). "To hold otherwise would reward forum-and judge-shopping, and would circumvent the appellate system." *Id.*

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, as it is barred by res judicata. *See id*. at *2 (citing *Smith v. Morgan*, 75 Fed. Appx. 505, 507 (6th Cir. 2003) ("Thus, because the instant action simply reasserted the same claims and causes of action against the defendants arising out of the same facts as asserted in the prior suit, it is barred by res judicata.")).

Out of an abundance of caution, the Court will give Plaintiff a final opportunity to file an Amended Complaint within thirty days of this Order. If Plaintiff files an Amended Complaint related her head injury, she must state when the injury occurred. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, this case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, as it appears to be barred by res judicata. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, this case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.

ENTERED: September 22, 2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge